1 **WO** JKM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chuang Chol Dong, | No. CV 09-1594-PHX-MHM (LOA) |
| Petitioner, | **ORDER** |
| vs. | |
| Eric H. Holder, Jr., et al. | |
| Respondents. | |

Petitioner Chuang Chol Dong (A079-853-471), who is represented by counsel, has filed a Petition for Writ of Habeas Corpus (Doc. #1), a Motion for Preliminary Injunction (Doc. #2), and a Motion for Joinder of Parties (Doc. #6). The Court will deny the motions without prejudice and require Respondents to answer the Petition.

**I.     Petition for Writ of Habeas Corpus**

Petitioner is a native and citizen of Sudan, who was admitted to the United States as a refugee in August of 2002. On March 19, 2009, Petitioner was taken into custody by Immigration and Customs Enforcement and charged with inadmissibility under 8 U.S.C. §§1182(a)(7)(A)(i) and (a)(2)(A)(i)(I). An immigration judge subsequently terminated the removal proceedings because Petitioner's refugee status had not been terminated. Petitioner continues to be detained, however, because he failed to apply for and acquire lawful permanent residence within one year of his entry in the United States as required by 8 U.S.C. § 1159(a). Under § 1159(a), a refugee who has been physically present in the U.S. for at

least one year and has not acquired permanent resident status must "return or be returned to the custody of the Department of Homeland Security for inspection and examination for admission to the United States as an immigrant." According to Petitioner, ICE interprets 8 U.S.C. § 1159(a) to authorize the indefinite detention of any refugee who has not become a lawful permanent resident within one year of entry. Petitioner's I-485 Application for Adjustment of Status and I-602 Application by Refugee for Waiver of Grounds for Excludability are currently pending before the Customs and Immigration Service.

On May 1, 2009, Petitioner filed a motion for custody redetermination. An immigration judge initially granted Petitioner's motion, but later held that she was without jurisdiction to redetermine Petitioner's custody. On July 16, 2009, the Board of Immigration Appeals affirmed the immigration judge's jurisdictional decision and dismissed Petitioner's appeal. Petitioner alleges that he has, therefore, exhausted his administrative remedies.

Petitioner argues that ICE's interpretation of § 1159(a) violates the Constitution of the United States and the Immigration and Nationality Act and that no statutory or regulatory authority otherwise exists to authorize his continued detention. Petitioner claims that his detention violates his Fifth Amendment rights to both substantive and procedural due process. He also claims that his detention is not authorized by the Immigration and Nationality Act. Petitioner seeks an order compelling his immediate release from custody. The Court will require Respondents to answer the Petition.

**II.    Motion for Preliminary Injunction**

Petitioner also seeks an injunction directing Respondents to immediately release him from detention. Petitioner's request for expedited release, however, is essentially a restatement of the ultimate request for relief presented in his Petition. Every habeas corpus petition necessarily alleges the same basic ground for relief, *i.e.*, that the petitioner is being detained in violation of the Constitution, laws or treaties of the United States. See 28 U.S.C. § 2241. Only when it is clear on the face of a petition that exceptional circumstances require immediate review of a petitioner's claims will consideration of his petition be advanced at the expense of prior, pending petitions. Upon the record currently before the Court, it is not

1 plain that the merits of Petitioner's claims are so strong as to warrant either expedited
2 adjudication or immediate release from custody. See In re Roe, 257 F.3d 1077, 1081 (9th
3 Cir. 2001) (declining to resolve issue of whether a district court has the authority to release
4 a prisoner pending resolution of a habeas case, but holding that if such authority does exist,
5 it can only be exercised in an "extraordinary case involving special circumstances").
6 Accordingly, Petitioner's request for immediate release will be denied.

### III. Motion for Joinder of Parties

In his two Motions for Joinder of Parties, Petitioner seeks to join Kolok Kolok, George Shondah, Eric Jallayou, Donko Buzancic, and Thao Lee as parties to his habeas corpus petition. Petitioner and the five other detainees are all represented by the same counsel. They did not, however, file a petition naming themselves as joint petitioners in a single action. Instead, they each filed separate habeas corpus actions. Rather than joinder in a single action, it appears that they are seeking consolidation of their separate actions. Accordingly, the Motions for Joinder of Parties will be denied without prejudice to the filing of a proper motion to consolidate in compliance with Rule 42(a)(2) of the Local Rules of Civil Procedure.

**IT IS ORDERED:**

(1) Petitioner's Motion for Preliminary Injunction (Doc. #2) is **denied** without prejudice.

(2) Petitioner's Motion for Joinder of Parties (Docs. #6) is **denied** without prejudice to the filing of a motion to consolidate.

(3) The Clerk of Court must serve a copy of the Summons, Petition, and this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure. The Clerk of Court also must send by certified mail a copy of the Summons, Petition and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondents pursuant to Rule 4(i)(2).

1       (4)     Respondents must answer the Petition within 20 days of the date of service. Respondents must not file a dispositive motion in place of an answer without first showing cause as to why an answer is inadequate. Petitioner may file a reply within 20 days from the date of service of the answer.

      (5)     This matter is referred to Magistrate Judge Lawrence O. Anderson pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

DATED this 13th day of August, 2009.

_____
Mary H. Murguia
United States District Judge