**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| **CHUANG CHOL DONG,** | ) | |
| | ) | |
| **Petitioner,** | ) | **2:09-cv-01594 JWS** |
| | ) | |
| **vs.** | ) | **ORDER AND OPINION** |
| | ) | |
| **ERIC H. HOLDER, *et al.*,** | ) | **[Re: Petition at Docket 1]** |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

### I.  MATTER PRESENTED

At docket 1, petitioner Chuang Chol Dong ("petitioner" or "Dong") seeks a writ of habeas corpus.  Respondents Eric H. Holder, Janet Napolitano, Katrina Kane, and James Kimble (collectively "respondents") oppose the petition at docket 15.  Petitioner's reply is at docket 18.  Respondents' supplemented response is at docket 24, and petitioner's supplemented reply is at docket 30.

At docket 42, Magistrate Judge Lawrence O. Anderson filed a report recommending that Dong's habeas petition be denied.  Dong filed objections to the report and recommendation at docket 43.

## II.  BACKGROUND

Petitioner was admitted into the United States from Sudan as a refugee in 2002. In 2008, he was convicted of theft in Arizona state court.  On March 19, 2009, the Department of Homeland Security ("DHS") commenced removal proceedings and issued a notice to appear ("NTA").  Petitioner was taken into custody and held in the Pinal County Jail in Florence, Arizona.

On May 1, 2009, petitioner sought custody redetermination with the Executive Office of Immigration Review. The immigration judge determined that he did not have jurisdiction to set bond because petitioner was an arriving alien, and because theft is a crime involving moral turpitude.  On May 7, 2009, the government moved to dismiss the NTA without prejudice because petitioner was a refugee and had not applied to adjust his status to lawful permanent resident.  Petitioner appealed the immigration judge's jurisdictional ruling.  The Board of Immigration Appeals ("BIA") affirmed because a final order had been entered terminating removal proceedings.  On May 15, 2009, petitioner submitted an I-485 application to adjust his status.  He could not afford the requisite medical examination.  While his application was pending, petitioner filed this petition for writ of habeas corpus.

Petitioner alleges three grounds for relief.  First, petitioner maintains that his detention pursuant to 8 U.S.C. § 1159 was not authorized by the Immigration and Nationality Act.  Second, he maintains that his detention violated his substantive due process rights under the Fifth Amendment.  Third, he argues that his detention violated his procedural due process rights under the Fifth Amendment.

-2-

On August 18, 2009, the status adjustment process commenced without a medical examination.  On October 22, 2009, petitioner was released.  Respondents argue that the case is now moot.  Petitioner maintains that the case falls under both exceptions to the mootness doctrine.

### III.  STANDARD OF REVIEW

The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."[1]  When reviewing a magistrate judge's report and recommendation in a case such as this one, the district court conducts *de novo* review of all conclusions of law,[2] and any findings of fact to which objections have been made.[3]  Uncontested findings of fact are reviewed for clear error.[4]

### IV.  DISCUSSION

**A.  Mootness**

The report concluded that the petition is moot because Dong has been released. "[F]ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them."[5]  "The inability of the federal judiciary to review moot cases derives from the requirement of Art. III of the Constitution under which the

---

[1] 28 U.S.C. § 636(b)(1).

[2] *Barilla v. Ervin,* 886 F.2d 1514, 1518 (9th Cir. 1989), *overruled on other grounds by Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996).

[3] 28 U.S.C. § 636(b)(1).

[4] *Taberer v. Armstrong World Industries, Inc.,* 954 F.2d 888, 906 (3d Cir. 1992).

[5] *North Carolina v. Rice*, 404 U.S. 244, 246 (1971).

exercise of judicial power depends upon the existence of a case or controversy."[6]
Parties to a lawsuit "must continue to have a personal stake in the outcome" or the case
is moot.[7]  Because Dong was released, "[t]he controversy . . . has . . . ceased to be
definite and concrete and no longer touches the legal relations of parties having
adverse legal interests."[8]

### 1. Capable of Repetition, Yet Evading Review

There is an exception to the mootness doctrine for cases in which the alleged
legal wrong is "capable of repetition, yet evading review."[9]  "The exception applies
where (1) the challenged action is in its duration too short to be fully litigated prior to
cessation or expiration; and (2) there is a reasonable expectation that the same
complaining party will be subject to the same action again."[10]

Dong objects to the report's finding that this case does not fall under the "capable
of repetition, yet evading review" exception to mootness.  Magistrate Judge Anderson
found that Dong "cannot show that he will again be detained under 8 U.S.C. § 1159,
and [that] there is no evidence of any 'ongoing policy' of alleged unlawful detention,"
and therefore that the exception did not apply.[11]  That finding was based partly on the

---

[6]*DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974) (internal quotations omitted).

[7]*Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–78 (1990).

[8]*DeFunis*, 416 U.S. at 317 (internal quotations omitted).

[9]*See, e.g.*, *FEC v. Wisconsin Right to Life*, 551 U.S. 449, 462 (2007).

[10]*Id.* (internal quotations omitted).

[11]Doc. 42 at 8; *see also United States v. Brandau*, 578 F.3d 1064, 1067 (9th Cir. 2009)
("Under [some] circumstances we have held that although the particular situation precipitating a
constitutional challenge to a government policy may have become moot, the case does not

issuance of DHS memoranda[12] indicating "that an unadjusted refugee's failure to adjust status alone is not a sufficient basis for placing him in removal proceedings or a ground for detention" and that "a determination must be made within 48 hours whether to release an alien or place him in removal proceedings if a violation of the INA can be established that is unrelated to the alien's failure to adjust."[13]  Dong argues that "refugees who have been apprehended . . . subsequent to [the memoranda] are . . . still being detained under 8 U.S.C. § 1159 and [that] the policy is ongoing."

Even if the court were to accept Dong's characterization–that refugees are still being detained indefinitely under § 1159–Dong has not demonstrated that the detention is attributable to an ongoing policy.  Dong maintains that post-memoranda detentions are extended arbitrarily by virtue of Immigration and Customs Enforcement ("ICE") attorneys' repeated requests for continuances "pending the outcome of the adjudication of applications for permanent residence[]."[14]  The circumstances that Dong describes differ from his experience.  Although it is possible that a lawsuit challenging aspects of the current practice might fall within the "capable of repetition, yet evading review"

---

become moot if the policy is ongoing.").

[12]The memoranda were issued by respondent Kane, Field Office Director of the Phoenix Field Office for the Office of Detention and Removal Operations, and James Chaparro, the Executive Director of Enforcement and Removal Operations for Immigration and Customs Enforcement.

[13]Doc. 42 at 7.

[14]Doc. 43 at 3.

exception to the mootness doctrine, there is still an Article III problem insofar as Dong does not have standing to challenge that practice.[15]

### 2. Voluntary Cessation

"[A] defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of that practice."[16]  However, "[a] case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur."[17]

The report found that "[t]he guidance memoranda issued by DHS articulating the nationwide policy that unadjusted refugees will not be detained merely for failure to adjust status support [r]esponden[ts'] assertion that the allegedly wrongful conduct cannot reasonably be expected to recur."[18]  Dong objects to that finding.

Dong emphasizes that the memoranda contain disclaimers that they do not "create any rights, substantive or procedural, enforceable at law by any person in any manner, criminal or civil."[19]  Therefore, Dong argues that "nothing in either memorandum would prevent [r]espondents from blithely ignoring [their] own policy, in which case refugees such as Mr. Dong would have no legal recourse . . . apart from filing a new habeas petition" which would presumably be mooted.[20]  The question is

---

[15]*See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

[16]*Friends of the Earth*, 528 U.S. at 189 (internal quotations omitted).

[17]*Id.* (internal quotations omitted).

[18]Doc. 42 at 10.

[19]Doc. 43 at 5.

[20]*Id.* at 5–6.

whether the challenged conduct could *reasonably* be expected to recur.  It is not reasonable to expect that ICE agents would "blithely ignore" written DHS operational and policy guidance.

Dong argues that the memoranda are unenforceable because "they violate current BIA and circuit case law by placing refugees in removal proceedings prior to a decision . . . on inadmissibility."[21]  Dong maintains that *Kaganovich v. Gonzales*,[22] and *Smriko v. Ashcroft*,[23]–cited in the report for the proposition that refugee status does not afford complete immunity from removal–are distinguishable because those cases "deal exclusively with refugees who first adjusted their status to that of lawful permanent residents."[24]  However, *Smriko* affirmed a BIA holding that "regardless of whether a refugee loses refugee status upon adjusting status to lawful permanent resident . . . the refugee may be removed."[25]  The guidelines set out in the memoranda are not contrary to Ninth Circuit case law.

Dong argues that the report overlooked the fact that the memoranda have no influence on immigration judges "and would not preclude . . . termination of removal proceedings, in which case any subsequent detention would occur pursuant to § 1159."[26]  Notwithstanding his assertion to the contrary, Dong's argument is entirely

---

[21]Doc. 30 at 8.

[22]470 F.3d 894, 898 (9th Cir. 2006)

[23]387 F.3d 279 (3d Cir. 2004).

[24]Doc. 43 at 6.

[25]*Kaganovich*, 470 F.3d at 897.

[26]Doc. 43 at 7.

speculative and cannot support a conclusion that his petition falls within the voluntary cessation exception.

Because mootness is rooted in Article III, dismissal of Dong's petition is appropriate.[27]

## V.  CONCLUSION

For the reasons above, Magistrate Judge Anderson's findings and recommendations are adopted in part and modified in part as described above and as follows: Dong's petition for writ of habeas corpus is **DISMISSED** as moot.

DATED this 25th day of March 2011.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[27]*See, e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 18 (1998) ("But mootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so.").